UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ROBERT LUIZZI and JOSEPHINE LUIZZI,

             Docket No.: 02 CV 5388
             (Korman/Pollak)

        Plaintiffs,

             <u>THIRD PARTY</u>
 -against-          <u>SUMMONS</u>

PRO TRANSPORT, INC. & LUIS SANCHEZ,

        Defendants.
------------------------------------------------------------------------X
LUIS SANCHEZ,

    Defendant/Third-party Plaintiff,

 -against-          TP Index No.:

STATE NATIONAL INSURANCE COMPANY and
ONE BEACON INSURANCE COMPANY d/b/a GENERAL
ACCIDENT INSURANCE COMPANY,

    Third-party Defendants.
------------------------------------------------------------------------X
SIRS:

TO THE ABOVE NAMED THIRD-PARTY DEFENDANTS, STATE NATIONAL

INSURANCE COMPANY

   You are hereby summoned to answer the complaint of the third-party plaintiff, LUIS

SANCHEZ, and the complaint of the plaintiffs, ROBERT LUIZZI and JOSEPHINE LUIZZI, a

copy of which is herewith served upon you as **Exhibit "A",** and to serve copies of your

answer upon the undersigned, attorneys for the defendant/third-party plaintiff, LUIS

SANCHEZ and upon Everett J. Petersson, Esq., attorney for plaintiffs ROBERT LUIZZI and

JOSEPHINE LUIZZI, whose address is 50 Brighton First Road, Suite 7K, Brooklyn, New

York 11235, and upon Lloyd Parodneck, Esq., attorney for co-defendant, PRO TRANSPORT, INC., whose address is 424 Columbus Avenue, New York, New York 10024, within twenty (20) days after service of the third-party complaint, exclusive of the date of service.

In case of your failure to answer the third-party complaint, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
      June 3, 2005

                Yours, etc.,

                MCELFISH & ASSOCIATES, LLC

                s/ Teresa A. Gruber, Esq.
                By: Teresa A. Gruber, Esq.
                Attorneys for Defendant/Third-Party Plaintiff
                LUIS SANCHEZ
                1790 Broadway at Columbus Circle, Suite 702
                New York, New York 10019
                (212) 307-5100
                File No.: 11-159

To:    STATE NATIONAL INSURANCE COMPANY
        Third-Party Defendant
        8200 Anderson Boulevard
        Fort Worth, Texas 76120
        (817) 265-2000

        ONE BEACON INSURANCE COMPANY
        Third-Party Defendant
        1 Beacon Street
        Boston, MA  02108
        Phone: 617-725-6000

LLOYD PARODNECK, ESQ.
Attorney for Defendant PRO TRANSPORT, INC.
424 Columbus Avenue
New York, New York 10024
(212) 874-0100; Ext. 235

EVERETT J. PETERSSON, ESQ.
Attorneys for Plaintiffs
ROBERT LUIZZI and JOSEPHINE LUIZZI
50 Brighton First Road, Suite 7K
Brooklyn, New York 11235
(718) 996-0705

```
UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
```
ROBERT LUIZZI and JOSEPHINE LUIZZI,

                                  Plaintiffs,

        -against-

Docket No.: 02 CV 5388
(Korman/Pollak)

<u>THIRD PARTY</u>
<u>COMPLAINT</u>

PRO TRANSPORT, INC. & LUIS SANCHEZ,

                                  Defendants.
```
------------------------------------------------------------------------X
```
LUIS SANCHEZ,

        Defendant/Third-party Plaintiff,

        -against-

TP Index No.:

STATE NATIONAL INSURANCE COMPANY and
ONE BEACON INSURANCE COMPANY,

        Third-party Defendants.
```
------------------------------------------------------------------------X
```

SIRS:

    The defendant/third-party plaintiff, LUIS SANCHEZ, as and for his third-party complaint, by his attorneys, MCELFISH & ASSOCIATES, LLC, alleges, upon information and belief, as follows:

### **I. JURISDICTION**

    1.    LUIS SANCHEZ is a resident of the State of New Jersey, STATE NATIONAL INSURANCE COMPANY is domiciled in the State of Texas, and ONE BEACON INSURANCE is domiciled in the State of Massachusetts and as such complete diversity

exists. Furthermore, the amount in controversy in this action exceeds $75,000.00, and therefore the amount in controversy requirements of 28 U.S.C. §§ 1332 and 1446 have been met such that diversity jurisdiction in New Jersey federal court is proper. Additionally, a third-party action for indemnification comes within a court's ancillary jurisdiction, or the Court's power to adjudicate other claims sufficiently closely related to the main claim, whether or not there is an independent basis for subject matter jurisdiction over the related claims.

## II. THE PARTIES

2. Upon information and belief, defendant/third-party plaintiff, LUIS SANCHEZ., was and still is a resident of the County of Essex, State of New Jersey.

3. Upon information and belief, plaintiffs ROBERT LUIZZI and JOSEPHINE LUIZZI were and still are residents of the County of Queens, State of New York.

4. Upon information and belief at all times hereinafter mentioned, the third-party defendant STATE NATIONAL INSURANCE COMPANY (hereinafter referred at as STATE NATIONAL) is an insurer with its principal place of business located at 8200 Anderson Boulevard, Fort Worth, Texas 76120, and is authorized to do business in the State of New York, and transacts business in the State of New York.

5. Upon information and belief at all times hereinafter mentioned, third-party defendant STATE NATIONAL is a domestic corporation organized according to the laws of the State of New York.

6. Upon information and belief at all times hereinafter mentioned, third-party defendant STATE NATIONAL is a proprietorship authorized to do business in the State of New York.

7. Upon information and belief at all times hereinafter mentioned, third-party defendant STATE NATIONAL is a partnership authorized to do business in the State of New York.

8. Upon information and belief at all times hereinafter mentioned, the third-party ONE BEACON INSURANCE (hereinafter referred to as "ONE BEACON") is a foreign insurer with its principal place of business at 1 Beacon Street Boston, Massachusetts, 02108, is authorized to do business in the State of New York, and transacts business in the State of New York.

9. Upon information and belief at all times hereinafter mentioned, third-party defendant ONE BEACON is a domestic insurer organized according to the laws of the State of New York.

10. Upon information and belief at all times hereinafter mentioned, third-party defendant ONE BEACON is a proprietorship authorized to do business in the State of New York.

11. Upon information and belief at all times hereinafter mentioned, third-party defendant ONE BEACON is a partnership authorized to do business in the State of New York.

### III. NATURE OF THE ACTION

12. This action was commenced by way of a summons and complaint dated September 12, 2002 annexed herein as **Exhibit "A"**. In the complaint, plaintiffs ROBERT LUIZZI and JOSEPHINE LUIZZI allege that an accident occurred on the 22nd day of September 2001, on Van Dam Street at its intersection with Queens Boulevard, Queens, New York, which involved a tractor/trailer, bearing license plate number AF352C, driven by the defendant/third-party plaintiff, LUIS SANCHEZ and owned by the defendant, PRO

TRANSPORT, and a vehicle owned and driven by the plaintiff, ROBERT LUIZZI, bearing license plate number X310NU.  Issue was joined by service of an answer on behalf of LUIS SANCHEZ on or about October 16, 2002. A copy of the answer is annexed hereto as **Exhibit "B."**

### III. AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE THIRD-PARTY DEFENDANT STATE NATIONAL

13. Defendant/Third-Party Defendant LUIS SANCHEZ incorporates paragraphs 1 through 12 of this complaint herein by reference with the same force and effect as if fully set forth at length.

14. Upon information and belief at all times hereinafter mentioned, a 1998 International tractor bearing license plate number AF352C, owned and operated by defendant/third-party plaintiff LUIS SANCHEZ, was attached to a loaded trailer owned by co-defendant PRO-TRANSPORT.

15. Upon information and belief at all times hereinafter mentioned, co-defendant PRO-TRANSPORT was the owner of the trailer being hauled by defendant/third party plaintiff SANCHEZ with PRO-TRANSPORT's express permission and consent, and as such is vicariously liable for any negligence of defendant SANCHEZ pursuant to Vehicle and Traffic Law § 388. Cross-claims exist against PRO-TRANSPORT in this action as is evident upon a review of defendant SANCHEZ' answer to the complaint, annexed hereto as **Exhibit "B".**

16. Upon information and belief at all times hereinafter mentioned, the 1998 International tractor and SANCHEZ were under permanent lease to co-defendant PRO-TRANSPORT.

17. Upon information and belief at all times hereinafter mentioned, the 1998 International tractor being operated by SANCHEZ was being used for hauling and was engaged in the performance of labor services for co-defendant PRO-TRANSPORT at the time of this accident, as is evident upon review of the lease agreement between SANCHEZ and PRO-TRANSPORT annexed hereto as **Exhibit "C".**

18. Upon information and belief at all times hereinafter mentioned, the 1998 International tractor involved in this occurrence displayed the ICC MC placards, name, DOT number and logo of co-defendant PRO-TRANSPORT at the time of this accident, together with its duly assigned number assigned by the Federal Highway Authority as an Interstate Motor Carrier. Therefore, co-defendant PRO-TRANSPORT is responsible to any injured party on the basis of logo liability for the any injuries or damages suffered by reason of the negligent operation of any of the equipment involved.

19. Upon information and belief, co-defendant PRO-TRANSPORT was obligated to defend, indemnify, and hold harmless defendant/third-party plaintiff LUIS SANCHEZ under circumstances such as these, based upon, among other things, his lease agreement.

20. Upon information and belief, co-defendant PRO-TRANSPORT was obligated to defend, indemnify, and hold harmless defendant/third-party plaintiff LUIS SANCHEZ under circumstances such as these, based upon his employment relationship.

21. Upon information and belief, co-defendant PRO-TRANSPORT was obligated to provide liability insurance to defendant/third-party plaintiff LUIS SANCHEZ under circumstances such as these, while he is hooked up to a container, based upon, among other things, his lease agreement. See Exhibit "C."

22. Upon information and belief, co-defendant PRO-TRANSPORT owes a duty to defend, indemnify and hold harmless LUIS SANCHEZ in any action that arises out of the use, ownership and operation of the motor vehicle, and to pay any awards or judgments

which plaintiff may obtain against defendant/third-party plaintiff LUIS SANCHEZ or such portion thereof as the Court may determine to be the proportionate share of liability as between the third-party plaintiff and third-party defendant based on culpability of the respective parties.

23. Upon information and belief at all times hereinafter mentioned, LUIS SANCHEZ was under written, permanent, exclusive lease to defendant PRO TRANSPORT.

24. Upon information and belief at all times hereinafter mentioned, LUIS SANCHEZ was under dispatch to and engaged in the performance of services for defendant PRO TRANSPORT at the time of this accident at issue herein.

25. Upon information and belief, co-defendant PRO-TRANSPORT is responsible for contractual indemnification or contribution to LUIS SANCHEZ, in whole or in part, for the injuries if any to plaintiff, ROBERT LUIZZI, based on the negligence, carelessness, omissions and culpable conduct of co-defendant PRO-TRANSPORT.

26. Upon information and belief, co-defendant PRO-TRANSPORT is responsible for common law indemnification or contribution to LUIS SANCHEZ, in whole or in part, for the injuries if any to plaintiff, ROBERT LUIZZI, based on the negligence, carelessness, omissions and culpable conduct of co-defendant PRO-TRANSPORT.

27. If plaintiff sustained damages in the manner alleged in the Complaint, all of which are denied by defendant/third-party plaintiff, LUIS SANCHEZ, such damages were caused whole or in part, by reason of the negligence, carelessness, and culpable conduct of third-party defendant, co-defendant PRO-TRANSPORT and not through any carelessness, negligence or culpable conduct on the part of defendant/third party plaintiff, LUIS SANCHEZ.

28. Upon information and belief, any and all acts or omissions committed or suffered by the defendant/third-party plaintiff, LUIS SANCHEZ, if any, be proven by Plaintiff

herein, were committed or suffered on behalf of co-defendant PRO-TRANSPORT and in the course of their agency and/or employment on their behalf.

29. Upon information and belief, defendant PRO TRANSPORT was a named insured on an insurance policy issued by third-party defendant STATE NATIONAL on September 22, 2001 under policy number RPJ 00779300, as evidenced by a Certificate of Insurance naming PRO TRANSPORT, which is annexed hereto as **Exhibit "D".**

30. Upon information and belief, the insurance policy issued by STATE NATIONAL covered scheduled, hired and non-owned autos operated on behalf of or in the business of PRO-TRANSPORT, as reflected in Exhibit "D."

31. Upon information and belief, and as can be seen by the lease agreement annexed hereto as Exhibit "C", LUIS SANCHEZ was hired by, or under lease to PRO TRANSPORT, and as such, STATE NATIONAL was obligated to defend, indemnify, and hold harmless defendant/third-party plaintiff LUIS SANCHEZ under circumstances such as these, pursuant to the certificate of insurance annexed hereto as Exhibit "D."

32. Upon information and belief, pursuant to the aforesaid relationship between defendant/third-party plaintiff, LUIS SANCHEZ, and PRO TRANSPORT, and pursuant to the insurance policy between PRO TRANSPORT and STATE NATIONAL, STATE NATIONAL owes a duty to defend, indemnify and hold harmless LUIS SANCHEZ in any action that arises out of the use, ownership and operation of the motor vehicle, including in the instant lawsuit, and to pay any awards or judgments which plaintiff may obtain against defendant/third-party plaintiff LUIS SANCHEZ.

33. Upon information and belief, STATE NATIONAL is responsible for common law contribution and/or contractual indemnification to LUIS SANCHEZ, in whole or in part, for the injuries, if any, to plaintiffs, ROBERT LUIZZI and JOSEPHINE LUIZZI, based on the negligence, carelessness, omissions and culpable conduct of third-party defendant PRO

TRANSPORT and the insurance policy referred to in Exhibit "D."

34. That if the plaintiffs ROBERT LUIZZI and JOSEPHINE LUIZZI recover any judgment against the defendant/third-party plaintiff LUIS SANCHEZ, then defendants/third-party plaintiff LUIS SANCHEZ is entitled to judgment over and against the third-party defendant STATE NATIONAL for the amount of such judgment together with the costs, disbursements and expenses of the defense of this action.

35. That defendant/third-party plaintiff LUIS SANCHEZ is entitled to reimbursement from STATE NATIONAL of all costs, attorneys fees, and disbursements associated with the defense of this lawsuit.

### III. AS AND FOR A SECOND CAUSE OF ACTION AGAINST THE THIRD-PARTY DEFENDANT ONE BEACON INSURANCE COMPANY

36. Defendant/Third-Party Defendant LUIS SANCHEZ incorporates paragraphs 1 through 35 of this complaint herein by reference with the same force and effect as if fully set forth at length.

37. Upon information and belief, defendant PRO TRANSPORT was insured by third-party defendant ONE BEACON INSURANCE COMPANY d/b/a GENERAL ACCIDENT INSURANCE COMPANY (hereinafter referred to as "ONE BEACON") on September 22, 2001 under policy number MTC00001003014 as reflected in Exhibit "D."

38. Upon information and belief, defendant/third-party plaintiff, LUIS SANCHEZ was under express lease for delivery of goods and services to PRO TRANSPORT, and pursuant to the insurance policy between PRO TRANSPORT and ONE BEACON, ONE BEACON owes a duty to defend, indemnify and hold harmless LUIS SANCHEZ in any action that arises out of the use, ownership and operation of the motor vehicle, including in the instant lawsuit, and to pay any awards or judgments which plaintiff may obtain against defendant/third-party plaintiff LUIS SANCHEZ.

39. Upon information and belief, ONE BEACON is responsible for common law contribution and/or contractual indemnification to LUIS SANCHEZ, in whole or in part, for the injuries, if any, to plaintiffs, ROBERT LUIZZI and JOSEPHINE LUIZZI, based on the negligence, carelessness, omissions and culpable conduct of third-party defendant PRO TRANSPORT and the Certificate of Insurance annexed hereto as Exhibit "D".

40. That if the plaintiffs ROBERT LUIZZI and JOSEPHINE LUIZZI recover any judgment against the defendant/third-party plaintiff LUIS SANCHEZ, then defendants/third-party plaintiff LUIS SANCHEZ is entitled to judgment over and against the third-party defendant ONE BEACON for the amount of such judgment together with the costs, disbursements and expenses of the defense of this action.

41. That defendant/third-party plaintiff LUIS SANCHEZ is entitled to reimbursement from ONE BEACON of all costs, attorneys fees, and disbursements associated with the defense of this lawsuit.

**WHEREFORE**, the defendant/third-party plaintiff demands judgment, pursuant to CPLR 1007, (1) that the ultimate rights of the Defendant/Third-Party Plaintiff and the Third-Party Defendants, STATE NATIONAL INSURANCE COMPANY and ONE BEACON INSURANCE COMPANY between themselves, be determined in this action, and (2) that the Defendant/Third-Party Plaintiff has judgment over and against the Third-Party Defendant, in any event for the full amount of any judgment which may be obtained against this defendant/third-party plaintiff LUIS SANCHEZ by the plaintiffs on the basis of apportionment of responsibility or contractual or common law indemnity in such amount as the Court or jury may direct, or in the alternative that (3) the Defendant/Third Party Plaintiff has judgment over and against the Third Party Defendants and in the amount in whole or in part, of any judgment that may be rendered herein against the Defendant/Third-Party Plaintiff, or the value thereof, and for the reasonable expenses incurred by the

Defendant/Third-Party Plaintiff in defending itself in this action; with interest thereon from the time of such payment.

Dated:  New York, New York
        June 3, 2005

Yours, etc.,

MCELFISH & ASSOCIATES, LLC

<u>s/ Teresa A. Gruber, Esq.</u>
By: Teresa A. Gruber, Esq.
Attorneys for Defendant/Third-Party Plaintiff
LUIS SANCHEZ
1790 Broadway at Columbus Circle, Suite 702
New York, New York 10019
(212) 307-5100
File No.: 11-159

To:  STATE NATIONAL INSURANCE COMPANY
     Third-Party Defendant
     8200 Anderson Boulevard
     Fort Worth, Texas 76120
     (817) 265-2000

     ONE BEACON INSURANCE COMPANY
     Third-Party Defendant
     1 Beacon Street
     Boston, MA  02108
     Phone: 617-725-6000

     LLOYD PARODNECK, ESQ.
     Attorney for Defendant PRO TRANSPORT, INC.
     424 Columbus Avenue
     New York, New York 10024
     (212) 874-0100; Ext. 235

     EVERETT J. PETERSSON, ESQ.
     Attorneys for Plaintiffs
     ROBERT LUIZZI and JOSEPHINE LUIZZI
     50 Brighton First Road, Suite 7K
     Brooklyn, New York 11235
     (718) 996-0705

F:\McELFISH\11\11-159\Pleadings\ThirdPartyComplaint.040505.doc