UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ROBERT LUIZZI and JOSEPHINE LUIZZI,

                Plaintiffs,

- against -

PRO TRANSPORT INC. and LUIS SANCHEZ,

                Defendants,

-----------------------------------------------------------------X
LUIS SANCHEZ,

                Defendant/Third-Party Plaintiff,

- against -

STATE NATIONAL INSURANCE COMPANY and
ONE BEACON INSURANCE COMPANY d/b/a
GENERAL ACCIDENT INSURANCE COMPANY,

                Third-Party Defendants,
-----------------------------------------------------------------X
STATE NATIONAL INSURANCE COMPANY,

                Second Third-Party Plaintiff,

- against -

GREEN MOUNTAIN AGENCY, INC.,

                Second Third-Party Defendant.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**

02 CV 5388 (CLP)

On September 25, 2002, plaintiffs Robert and Josephine Luizzi commenced this personal injury action against defendants Pro Transport, Inc. ("Pro Transport") and Luis Sanchez ("Sanchez") in New York Supreme Court, Kings County, seeking damages for injuries suffered

by Robert Luizzi during a traffic accident that occurred on September 22, 2001. Defendant Sanchez removed the action to this Court on October 4, 2002. This Court held a framed issue hearing on January 17, 18, and 22, 2007, to determine whether the State National Insurance Company policy issued to defendant Pro Transport had been effectively cancelled prior to the date of the accident at issue. In a Memorandum and Order dated February 25, 2008, this Court found that the policy had not been effectively cancelled in accordance with New Jersey law and thus remained in effect at the time of the accident.

By Notice of Motion dated April 14, 2008, plaintiffs now move for summary judgment against defendants Pro Transport and Luis Sanchez on the issue of liability. For the reasons set forth below, the motion is denied.

## FACTUAL AND PROCEDURAL HISTORY[1]

Plaintiff Robert Luizzi alleges that on September 22, 2001, at approximately 8:00 a.m., he was stopped at a red light at the intersection of Van Dam Street and Queens Boulevard, when a tractor trailer driven by defendant Luis Sanchez, and allegedly owned by Pro Transport, struck plaintiff's vehicle ("the Luizzi car") in the rear. (Petersson Aff.[2] ¶¶ 3-4; Luizzi Compl.[3] ¶¶ 3-7). Mr. Luizzi alleges that he suffered "serious personal injuries" as a result of the alleged

---

[1]The procedural history leading up to the framed issue hearing is set forth fully in the Court's earlier Order dated February 25, 2008.

[2]Citations to "Petersson Aff." refer to the Affirmation of Everett J. Petersson, Esq., counsel for plaintiffs, submitted in support of Plaintiffs' Motion for Summary Judgment and dated April 14, 2008.

[3]Citations to "Luizzi Compl." refer to the Complaint filed by Robert and Josephine Luizzi on October 4, 2002.

"negligence and carelessness" of defendants Sanchez and Pro Transport. (Luizzi Compl. ¶¶ 8-9). Plaintiff Josephine Luizzi seeks damages as a result of the loss of her husband's services. (Id. ¶¶ 14-16).

Plaintiffs assert that defendant Sanchez admitted during his deposition that his vehicle was moving at the time it struck the Luizzi car and that defendant was attempting to make a left turn onto Queens Boulevard immediately prior to the contact. (Sanchez Dep.[4] at 16, 45). Plaintiffs claim that while Sanchez was making the left turn, the rear right-side of his truck came into contact with the rear of the Luizzi car, causing it to push the Luizzi car into the intersection of Van Dam Street and Queens Boulevard. (Id. ¶¶ 8-9).

## DISCUSSION

### A. Standards for Summary Judgment

It is well-settled that a party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003); Thompson v. Gjivoje, 896 F.2d 716, 720 (2d Cir. 1990). Since summary judgment is an extreme remedy, cutting off the rights of the non-moving party to present a case to the jury, see Egelston v. State Univ. Coll. at Geneseo, 535 F.2d 752, 754 (2d Cir. 1976); Gibralter v. City of New York, 612 F. Supp. 125, 133–34 (E.D.N.Y. 1985) (stating that summary judgment "is a drastic remedy and should be

---

[4]Citations to "Sanchez Dep." refer to pages in the deposition of Luis Sanchez taken on March 31, 2004, which is attached as Exhibit 4 to Petersson Aff.

applied sparingly"), the Court should not grant summary judgment unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him [or her] to relief." Egelston v. State Univ. Coll. at Geneseo, 535 F.2d at 754 (internal citations omitted); see also Auletta v. Tully, 576 F. Supp. 191, 194-95 (N.D.N.Y. 1983), aff'd, 732 F.2d 142 (2d Cir. 1984) (stating that summary judgment should be granted only if "it is clear that the requirements of Fed. R. Civ. P. 56 have been satisfied"). In addition, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587–88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)); see also Ford v. Reynolds, 316 F.3d at 354 (stating that "[i]n determining whether a genuine issue of material fact exists, a court must examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant") (citing Marvel Characters v. Simon, 310 F.3d 280, 285-86 (2d Cir. 2002)).

Once the moving party discharges its burden of proof under Rule 56(c), the party opposing summary judgment "has the burden of coming forward with 'specific facts showing that there is a genuine issue for trial.'" Phillips v. Kidder, Peabody & Co., 782 F. Supp. 854, 858 (S.D.N.Y. 1991) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. Indeed, "the mere existence of *some* alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247–48 (emphasis in original). Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor.

4

Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.

In a negligence case such as this, summary judgment is "'highly unusual' . . . because such a case requires a determination of the reasonableness of a party's conduct, and 'the assessment of reasonableness generally is a factual question to be addressed by the jury.'" Maizous v. Garraffa, No. 00 CV 4895, 2002 WL 1471556, at *3 (E.D.N.Y. April 30, 2002) (citing cases and quoting King v. Crossland Sav. Bank, 111 F.3d 251, 259 (2d Cir. 1997)).

B. Non-Compliance with Local Rule 56.1

As an initial matter, the plaintiffs do not appear to have complied with Local Rule 56.1 by filing a Statement of Undisputed Facts with numbered paragraphs.

Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1") requires a party moving for summary judgment to submit "a separate, short and concise statement" of the allegedly undisputed material facts, set out in numbered paragraphs, on which the moving party relies in arguing that there is no genuine issue to be tried. See Local Rule 56.1(a); see also Giannullo v. City of New York, 322 F.3d 139, 140 (2d Cir. 2003); Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 72 (2d Cir. 2001). The Rule further requires that the statement of undisputed facts contain citations to admissible evidence supporting each asserted material fact. Local Rule 56.1(d); see Giannullo v. City of New York, 322 F.3d at 143 (reversing the district court's grant of summary judgment because there was insufficient evidence in the record to support certain critical assertions in the moving party's statement of material facts); see also Watt v. New York Botanical Garden, No. 98 CV 1095, 2000 WL 193626, at *1 n.1 (S.D.N.Y. Feb. 16, 2000).

The party opposing a motion for summary judgment is also required to submit a counter-statement controverting the moving party's statement of material facts, indicating which facts are in dispute that would require a trial. Local Rule 56.1(b). Under the Local Rule, "[i]f the opposing party then fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted." Giannullo v. City of New York, 322 F.3d at 140 (citing Local Rule 56.1(c)). Where the party opposing a motion for summary judgment fails to submit a proper counter-statement of material facts, controverting the moving party's statement, courts have deemed the moving party's statement of facts to be admitted and have granted summary judgment in favor of the moving party on the basis of the uncontroverted facts. See, e.g., Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000) (affirming grant of summary judgment based on plaintiff's failure to submit a statement pursuant to Rule 56.1); Sawyer v. Wight, 196 F. Supp. 2d 220, 225 (E.D.N.Y. 2002) (noting that "[t]he Second Circuit permits District Courts to grant summary judgment to moving parties on the basis of their uncontroverted 56.1 Statements").

In the instant case, because plaintiffs failed to file a Rule 56.1 Statement of Material Facts in support of their motion for summary judgment, that failure alone would justify denial of their motion for summary judgment. Local Rule 56.1(a); see also MSF Holding Ltd. v. Fiduciary Trust Co., Inter., 435 F. Supp. 2d 285, 304-05 (S.D.N.Y. 2006) (denying defendant's motion for summary judgment for failure to submit a 56.1 statement); Searight v. Doherty Enterprises, Inc., No. 02 CV 0604, 2005 WL 2413590, at *1 (E.D.N.Y. Sept. 29, 2005) (denying motion for summary judgment for failure to submit a 56.1 statement). Defendant Sanchez submitted a Statement of Material Facts Not In Dispute, to which there appears to be no response by

plaintiffs. Thus, the Court could choose to accept the factual allegations of defendant Sanchez as uncontroverted. See Millus v. D'Angelo, 224 F.3d at 138.

However, district courts are given "broad discretion to determine whether to overlook a party's failure to comply with local court rules." Holtz v. Rockefeller & Co., Inc., 258 F.3d 62, 73 (2d Cir. 2001); Healthfirst, Inc. v. Medco Health Solutions, Inc., No. 03 CV 5164, 2006 WL 3711567, *5 (S.D.N.Y. Dec. 15, 2006). Where parties fail to file a Rule 56.1 Statement of Fact, the court may choose to accept all factual allegations of the opposing parties as true for the purposes of deciding the motion for summary judgment, or may alternately "opt to conduct an assiduous review of the record." Id. (internal quotations and citations omitted); see also Sawyer v. Wight, 196 F. Supp. 2d at 225 (noting that where Rule 56.1 has not been properly followed, courts "may discretionarily choose to search the record of their own accord") (citations omitted).

In this case, counsel for plaintiffs submitted his client's affidavit and his own affirmation and exhibits in support of the motion for summary judgment. His papers provide clear reference to the record, which the Court has thoroughly reviewed. Given the numerous factual disputes that have arisen in this case, as reflected in the papers of the other parties, the Court declines to accept the factual assertions of defendant Sanchez as uncontroverted and considers plaintiffs' submissions on this motion for summary judgment despite the failure to strictly comply with Local Rule 56.1.

C. Plaintiffs' Motion

In moving for summary judgment on the issue of liability, plaintiffs argue that at the time of the accident, the Luizzi car was stopped at the intersection at a red light and defendant

Sanchez struck it in the rear. Accordingly, because there is a presumption of negligence that arises from a hit in the rear, plaintiffs urge the Court to grant summary judgment in their favor.

In response, defendant Sanchez argues that there are at least seven[5] material issues of fact in dispute that preclude the entry of summary judgment in this case. These issues are: 1) which areas of the vehicles were involved in the collision;[6] 2) whether plaintiff or defendant caused the accident; 3) the location on the roadway where the impact occurred; 4) the color of the light at the intersection at the time of the accident; 5) whether the Luizzi car was stopped at the time of the accident; 6) the location and extent of damage to the Luizzi car; and 7) whether plaintiff was actually involved in a rear-end collision.

D. Applicable Law

Where the jurisdiction of the district court rests on the diversity of the parties, as here, the law of the state in which the accident occurred is applied. See Erie R. R. Co. v. Tompkins, 304 U.S. 64, 78 (1938); Momchilov v. Chaduhry, No. 04 CV 3159, 2006 WL 1307978, at *2 (E.D.N.Y. May 11, 2006) (applying New York law in a diversity case for a negligence claim related to the rear-ending of a car). In order to prevail on a negligence claim under New York law, the plaintiffs must establish three elements: (1) that defendant owed plaintiff a duty of care; (2) that defendant breached that duty; and (3) that the breach was the proximate cause of

---

[5]Although plaintiffs' Affirmation initially states that there are eight disputed issues of fact, the Affirmation outlines only seven. Compare Affirmation of Teresa A. Gruber, Esq., dated May 14, 2008 ("Gruber Aff.") at ¶¶ 2, 5 with ¶¶ 7–33.

[6]Plaintiffs claim that the Luizzi car was hit in the rear, while Sanchez claims that the Luizzi car struck the rear passenger side of his trailer.

plaintiffs' injury. See Lerner v. Fleet Bank, N.A., 459 F.3d 273, 286 (2d Cir. 2006) (quoting Solomon v. City of New York, 66 N.Y.2d 1026, 1027, 489 N.E.2d 1294, 499 N.Y.S.2d 392 (1985)); see also Johnson v. Bryco Arms, 304 F. Supp. 2d 383, 394 (E.D.N.Y. 2004). Under New York law, a rear-end collision with a parked vehicle establishes a prima facie case of negligence on the part of the driver of the moving vehicle. DeJesus v. Rafael, No. 00 CV 5137, 2002 WL 31925501, at *2 (S.D.N.Y. Dec. 31, 2002) (citing cases); see also Filippazzo v. Santiago, 277 A.D.2d 419, 420, 716 N.Y.S.2d 710 (2d Dep't 2000) (holding that a "rear-end collision with a stopped or stopping vehicle creates a prima facie case of liability with respect to the operation of the rear most vehicle"); Mascitti v. Greene, 250 A.D.2d 821, 822, 673 N.Y.S.2d 206 (2d Dep't 1998) ("it is well established that a rear-end collision with a stopped vehicle establishes a prima facie case of negligence on the part of the operator of the following vehicle").

A prima facie case of liability established in this manner imposes a duty on the driver of the moving vehicle to provide a non-negligent explanation of the collision in order to overcome the inference of negligence and defeat the motion for summary judgment. See, e.g., Momchilov v. Chaduhry, 2006 WL 1307978, at *2; DeJesus v. Rafael, 2002 WL 31925501, at *2; Riley v. County of Broome, 256 A.D.2d 899, 681 N.Y.S.2d 851, 852 (3d Dep't 1999). Courts have held non-negligent explanations to include unavoidable skidding on wet or icy pavement, mechanical failure, or the sudden stop of the vehicle ahead. See Momichilov v. Chaduhry, 2006 WL 1307978, at *2 (citing cases). However, drivers are expected to take into account weather and road conditions and drive at a safe speed to avoid collisions. DeJesus v. Rafael, 2002 WL 31925501, at *3 (citing Mitchell v. Gonzalez, 269 A.D.2d 250, 251, 703 N.Y.S.2d 124, 126 (1st Dep't 2000)).

E. Issues of Fact in Dispute

   1. Hit in the Rear While Stopped

Plaintiffs contend that the evidence is undisputed that the Sanchez vehicle struck the Luizzi car in the rear at a point when the Luizzi car was stopped at a red light. (Petersson Aff. ¶ 21, n.2). Plaintiffs cite Andre v. Pomeroy to argue that summary judgment is appropriate where, as in this case, the uncontested statements of the defendant lead to the conclusion that defendant's actions "'could not be considered reasonable conduct under any standard and it does not take a trial to resolve that point.'" (Id. ¶ 23 (quoting Andre v. Pomeroy, 35 N.Y.2d 361, 365 (1974)). Moreover, to the extent that defendant Sanchez testified that he never saw the Luizzi car, plaintiffs argue that the case law in the Second Department makes it clear that "'a driver is negligent where an accident occurs because she has failed to see that which through proper use of her senses she should have seen.'" (Id. ¶ 29).

In response, defendant argues that there are a myriad of material issues of fact in dispute relating to whether plaintiff was hit in the rear while stopped that preclude entry of summary judgment at this time. First, and perhaps most significant, defendant disputes that the Luizzi car was actually stopped at the time of impact. In response to the question of whether the Luizzi car was moving or stopped when he first saw it after the impact, Mr. Sanchez testified: "It was moving." (Sanchez Dep. at 55). According to Mr. Sanchez, on the day of the accident, he was in the process of transporting recycled waste paper from Rapid Recycling to the port of Newark. (Id. at 11-13). He was traveling northbound down Van Dam Street at the intersection of Queens Boulevard, attempting to make a left turn onto the Queensboro Bridge, when he felt his vehicle

as it was struck on the passenger side of the trailer near the rear wheels. (Id. at 21). He explained that because of the size of his tractor-trailer, he had to be in the far right-hand lane in order to make a left turn onto the bridge. (Id. at 49-50). He testified that he had to travel 150 meters straight before he could make the left turn and that he waited in the intersection until the vehicles in the lane immediately to his left had proceeded. (Id. at 51). He then proceeded to move forward and started to make the turn to the left when he felt an impact in his rear wheels. (Id.) He did not see anything and thought initially that his wheel had some sort of defect. (Id.) At that time, he looked into his side mirrors and saw the Luizzi car moving toward the left side of his truck. (Id. at 53-55). He testified: "when I looked through my left mirror, I saw a car which came out like a rocket and cut me up front and I thought that somebody had impacted my right side on the wheels of the trailer." (Id. at 51). He further explained that there was an island directly to his right, which was perpendicular to the street he was traveling on and separated the east and westbound lanes of Queens Boulevard. (Id. at 52-53). He testified that the first time he saw the Luizzi car, which he described as green or aqua, was after the impact when it cut in front of him. (Id. at 54). At that point, he saw damage to the Luizzi car on the left side of the car. (Id. at 56).

The Court finds that Mr. Sanchez's testimony raises a number of questions of fact relating to whether the Luizzi vehicle was hit in the rear while stopped at the light. First, Mr. Sanchez's testimony that the Luizzi car was moving at the time of the accident directly contradicts Mr. Luizzi's testimony that it was stopped and calls into question the claim that liability has been established simply because the Luizzi car was stopped and hit in the rear. In addition, the differences between Mr. Sanchez's testimony and Mr. Luizzi's testimony raises questions of fact

about which area of each vehicle was involved in the collision. Mr. Sanchez testified that the impact to his vehicle occurred to the rear wheels on the right side of the trailer and the damage to the Luizzi car was on the left side of the car. (Sanchez Dep. at 21-22, 56). Mr. Luizzi testified that the Luizzi car was struck in the rear and the driver's side. (Luizzi Dep.[7] at 25). Plaintiff also confirmed that it was the passenger side of the trailer and not the front of the tractor that struck his car. (Luizzi Dep. at 26).

Generally, a hit in the rear involves the front of one vehicle striking the rear of another. However, in this case, depending on whether the testimony of plaintiff or the testimony of defendant is credited, the impact occurred between the rear passenger side of Sanchez's trailer and either the rear of the Luizzi car and/or the driver's side of the Luizzi car. Even if the tractor trailer struck plaintiff directly in the rear, which is disputed by plaintiff's own testimony that his car was struck on the rear and the driver's side, a collision between the side of the trailer and the rear of the Luizzi car does not constitute the type of rear-end collision for which summary judgment has typically been granted. In those cases, the front of the moving car struck the rear of the parked car from behind. See, e.g., DeJesus v. Rafael, 2002 WL 31925501 at *1; Filippazzo v. Santiago, 277 A.D.2d at 419, 716 N.Y.S.2d at 710; Mascitti v. Greene, 250 A.D.2d at 822, 673 N.Y.S.2d at 206.

Further, it is unclear whether the right rear side of the Sanchez trailer could have hit the left rear and/or side of the Luizzi car if the Luizzi car had in fact been stopped and was stationary at the time the truck started to turn. Plaintiff tries to explain the "undisputed mechanics" by

---

[7]Citations to "Luizzi Dep." refer to the pages in the deposition of plaintiff Robert Luizzi, taken on December 17, 2003, which is attached as Exhibit A to Gruber Aff.

12

saying that the plaintiff was stopped, waiting in the right lane at a red light, and defendant was in the left lane attempting to make a left turn when his trailer swung out too wide on the right and struck the Luizzi car. (Rep. Aff.[8] ¶ 6). Plaintiff's explanation that defendant was in a lane to the left of plaintiff contradicts defendant's testimony that he was in the far right lane of Van Damn when he turned left onto the Queensboro Bridge. (Sanchez Dep. at 50). Thus, there remains a question of material fact as to the respective locations of the vehicles at the time of the impact and whether the impact and damage could have occurred in these areas of each car if the Luizzi car was rear-ended while stopped at the light.

In addition, Mr. Sanchez testified that he never saw the Luizzi car prior to the impact and that when he saw it after the impact, the Luizzi car was moving toward the left side of the truck which had already begun to make the left turn. (Sanchez Dep. at 53-54). Given this testimony, it is also unclear how Mr. Sanchez could not have seen the Luizzi vehicle if it was in fact stopped in front of the Sanchez vehicle at the time of impact.

2. Other Issues of Fact in Dispute

In addition, the parties dispute other aspects of the accident. Plaintiff testified that the Luizzi car was the first vehicle stopped at the traffic light at the intersection of Van Dam and Queens Boulevard. (Luizzi Dep. at 22-25). Mr. Sanchez testified that his vehicle was on Van Dam Street, having passed through the traffic light, and that he had already begun the turn when he felt the impact. (Sanchez Dep. at 16, 17). Thus, there remains an issue as to where the vehicles were located vis-a-vis the intersection at the time of impact.

---

[8]Citations to "Rep. Aff." refer to the Reply Affirmation of Everett J. Petersson, Esq. in Support of the Motion for Summary Judgment, dated May 20, 2008.

The parties also dispute whether the traffic light was red or green at the time of the accident. Mr. Sanchez testified that the light was green as he was approaching Queens Boulevard. (Id. at 18, 19). Mr. Luizzi, however, testified that the light was red, that he first saw the red signal when he was 20 yards away approaching the intersection, and that the light never changed between then and the time of the accident. (Luizzi Dep. at 20-21).

A question also remains as to the nature and extent of damage to the Luizzi car. Mr. Luizzi testified that the rear corner panel of the driver's side was involved in the impact. (Id. at 25-26). He subsequently stated that "almost the complete rear" of the car was involved. (Id.) When asked to detail the damage, he testified that the driver's side taillight was broken (id. at 34), and that three-quarters of the rear corner panel of the driver's side of his car was dented. (Id.) He also testified that the rear window was cracked. (Id. at 39-40).

Meanwhile, Mr. Sanchez contends that the photographs taken of the Luizzi car fail to show any broken taillights or a visible dent to three-quarters of the rear of his vehicle. (Gruber Aff. ¶ 23-25; Ex. B). Instead, Mr. Sanchez argues that the damage to the Luizzi car was limited to the rear driver's side of the car and not to the entire rear of the vehicle. In addition, Mr. Sanchez disputes plaintiffs' claims of damage to rear windshield.

Thus, the Court finds that the photographs and Mr. Sanchez's testimony that the damage he observed was limited to the rear driver's side of the Luizzi car raise questions of material fact that require a trial.

D. <u>Defendant Not Negligent as Matter of Law</u>

Plaintiffs also contend that Mr. Sanchez's conduct is negligent as a matter of law because his actions in rear-ending the Luizzi car constitute a breach of Vehicle & Traffic Law ("VTL") §

1163, which states:

> No person shall turn a vehicle at an intersection unless the vehicle is in proper position upon the roadway as required in section eleven hundred sixty, or . . . otherwise turn a vehicle from a direct course or move right or left upon the roadway unless and until such movement can be made with reasonable safety.

Plaintiffs argue that since the Luizzi car was stationary and was pushed into the intersection as a result of defendant's left turn, it is clear that the turn could not have been done with reasonable safety in accordance with the law. Similarly, plaintiffs argue that Section 1128(a) of the VTL requires a vehicle to be "driven as nearly as practicable entirely within a single lane and . . .not be moved from such lane until the driver has first ascertained that such movement can be made with safety." Plaintiffs argue that the defendant's truck "must have crossed into plaintiff's lane," violating this section of the VTL, because plaintiff was fully stopped in his lane of traffic when defendant's vehicle hit plaintiffs' left rear side. (Petersson Aff. ¶ 28).

Under New York's Vehicle and Traffic Law, it is the duty of all drivers "to operate their vehicles with reasonable care taking into account the actual and potential dangers existing from weather, road, traffic and other conditions." Goldstein v. United States, 9 F. Supp. 2d 175, 186 (E.D.N.Y. 1998) (citing Bradt v. Lancaster, 249 A.D.2d 663, 663-64, 671 N.Y.S.2d 199, 200 (3d Dep't 1998); Terrell v. Kissel, 116 A.D.2d 637, 638-39, 497 N.Y.S.2d 716, 718 (2d Dep't 1986)); see also Guzzardi v. Grotas, 98 A.D.2d 761, 469 N.Y.S.2d 475, 476 (2d Dep't 1983). All drivers are under a duty: (1) to maintain a reasonably safe rate of speed, (2) to have their automobiles under reasonable control, (3) to keep a proper lookout, under the circumstances then existing, to see and be aware of what was in their view, and (4) to use reasonable care to avoid an accident. See Filippazzo v. Santiago, 277 A.D.2d 419, 419-20, 716 N.Y.S.2d 710 (2d Dep't 2000);

Coutrier v. Haraden Motorcar Corp., 237 A.D.2d 774, 776, 655 N.Y.S.2d 660, 663 (3d Dep't 1997); Sarosy v. Scheina, 225 A.D.2d 493, 494, 639 N.Y.S.2d 817 (1st Dep't 1996); see also Barile v. Lazzarini, 222 A.D.2d 635, 637, 635 N.Y.S.2d 694, 696 (2d Dep't 1995); Abramowicz v. Roberto, 220 A.D.2d 374, 375, 631 N.Y.S.2d 442, 443 (2d Dep't 1995); Guzzardi v. Grotas, 98 A.D.2d at 761, 469 N.Y.S.2d at 475.

If the jury credits Mr. Sanchez's testimony as to how the accident occurred, a reasonable jury could conclude that plaintiff was negligent and acting in violation of the VTL for failing to, at the very least, use reasonable care to avoid the accident. If, as Mr. Sanchez suggests, plaintiff's vehicle shot around to the left of the tractor trailer after the truck had begun its turn so that plaintiff could avoid the center island, a jury could decide that plaintiff did not use a safe speed or keep a proper lookout under the circumstances.

Based on the contradictory statements of Mr. Luizzi and Mr. Sanchez as to whether the plaintiffs' vehicle was rear-ended, as plaintiff claims, or whether plaintiff side-swiped the Sanchez vehicle, as defendant contends, the Court finds that there are material issues of fact in dispute that preclude summary judgment on the question of liability.

## CONCLUSION

Having reviewed the record, the Court finds that there are material issues of fact in dispute that preclude entry of summary judgment. For the aforementioned reasons, the Court denies plaintiffs' motion for summary judgment on liability and orders the parties to appear for a conference before this Court at 12:30 p.m. on Thursday, February 19, 2009 to discuss settlement and the preparation of the pre-trial order.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
February 2, 2009

/s/ Cheryl Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York