UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT LUIZZI and JOSEPHINE LUIZZI,

                Plaintiffs,

    - against -

PRO TRANSPORT, INC. and LUIS SANCHEZ,

                Defendants,
----------------------------------------------------------------X
LUIS SANCHEZ,

                Defendant/Third Party Plaintiff,

    - against -

STATE NATIONAL INSURANCE COMPANY,

                Third Party Defendant,
----------------------------------------------------------------X
STATE NATIONAL INSURANCE COMPANY,

                Second Third Party Plaintiff,

    - against -

GREEN MOUNTAIN AGENCY, INC.,

                Second Third Party Defendant.
----------------------------------------------------------------X

**MEMORANDUM & ORDER**

02 CV 5388 (CLP)

On January 21, 2011, during a conference with the parties, the Court Ordered that all outstanding discovery regarding plaintiff's claims be completed within 90 days. The Court issued an Order on January 31, 2011 reiterating that "[t]he parties are given 90 days to complete all outstanding discovery related to plaintiff's claims, <u>including expert discovery</u>."

At the next conference on May 2, 2011, the Court set the trial in this case to begin on July

18, 2011. Although the trial schedule was readjusted twice, the trial on liability is now scheduled to begin on July 19, 2011, with jury selection taking place on July 18, 2011. Also during the May 2, 2011 conference, Teresa Gruber, Esq., counsel for defendant Sanchez, first notified the Court that she had changed firms and did not currently have access to her case files. She was apparently having difficulty locating defendant Sanchez in order to have him sign a consent form for her old firm to release the files to her. The Court therefore gave Ms. Gruber two weeks to find Mr. Sanchez and get the required consent.

On May 16, 2011, having received no update from Ms. Gruber regarding the status of her continued representation of defendants in this case, the Court Ordered that "on or before May 25, 2011, Ms. Gruber shall submit a status letter to the Court indicating whether she or some attorney from her prior firm, McElfish & Associates, LLC, will be representing defendants in this action, scheduled for trial on July 18, 2011." In that May 16, 2011 Order, the Court reiterated that "[t]here will be NO adjournments of the trial."

On May 25, 2011, Ms. Gruber contacted the Court indicating that she had located Mr. Sanchez and obtained the necessary consent to regain access to her files. However, Ms. Gruber noted that "due to the fact that I was not in possession of the file, we were unable to conduct the additional expert discovery that defendant Sanchez was previously granted permission by this court to conduct, involving an accident reconstructionist." Ms. Gruber requested an extension of time to obtain such an expert and also requested a brief adjournment of the trial date.

In response to Ms. Gruber's letter, the Court held a telephone conference with the parties on May 26, 2011, during which defendant Sanchez was given an extension of time until June 17 to serve expert discovery. Plaintiff was given until July 15 to serve its rebuttal expert reports. On June

9, 2011, however, Ms. Gruber again contacted the Court to request that plaintiffs be Ordered to give her expert access to the original photographs of the accident or 'first generation' copies. Plaintiff's counsel had refused to grant defendants' expert access to the originals. The expert was apparently prepared to review the photos as early as June 10, 2011. The Court scheduled an in-person conference to discuss this and any other outstanding issues for June 16, 2011.

At the conference, the Court Ordered plaintiff's counsel to allow defendants' expert access to the original photographs in plaintiff's counsel's office and gave defendants an extension of time until June 21, 2011 to produce their expert report. On June 20, 2011, Ms. Gruber again contacted the Court to request additional time to complete her expert report, requesting an extension until June 27, 2011. Apparently under the impression that trial started on July 25, 2011, instead of July 18, 2011, Ms. Gruber and plaintiff's counsel had come to an agreement whereby plaintiff would consent to defendants' extension if plaintiff received an extension to serve his response until July 22, 2011. Upon being reminded by the Court that the trial actually starts on July 18, 2011, plaintiff objected to Ms. Gruber's request for additional time, noting that: "Although plaintiff's objection to allowing defendant's accident reconstructionalist [sic] access to the original photographs arguably added a few days to defendant's delay, plaintiff cannot be held responsible. Defendant had nearly 10 years to prepare for this trial. To try and squeeze in expert discovery in the weeks before trial is purely defendant's doing." Although the plaintiff's objection did delay the expert report for about a week, the Court generally agrees with plaintiff's assertions.

Ms. Gruber has indicated, on numerous occasions, that defendants waited until the last minute to consider hiring this expert in hopes of saving themselves the expense of doing so should the case settle. Plaintiff cannot be held responsible for that strategy choice, nor should plaintiff

suffer as a result.

As plaintiff's expert response is already due on the eve of trial, July 15, 2011, that date cannot be extended any further. Therefore, the Court will only give Ms. Gruber until **Thursday, June 23, 2011** to serve her expert report. <u>If she fails to do so, defendants will be precluded from presenting an expert at trial</u>.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
June 21, 2011

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York